Richard. B. Teitelman, Judge,
dissenting
I respectfully dissent. Without analyzing the language of section 537.080, the principal opinion concludes summarily that Appellants have no viable wrongful death action under section 537.080.1[1] because *332 Dr. Danrad’s alleged negligence did not cause Mr. Mickels’ death. The principal opinion reasons that Dr. Danrad’s negligence did not cause Mr. Mickels’ death, it simply deprived him of the opportunity to delay his death for up to six months. Left unsaid is the fact that what results from the loss of an opportunity to delay death is death. I would reverse the judgment.
Appellants’ wrongful death claim is based on the proposition that, but for Dr. Danrad’s failure to diagnose, Mr. Mickels would not have died on June 12, 2009, and he would have lived for several more months. Section 587.080 premises wrongful death liability on proof that “the death of a person results from any act ... which, if death had not ensued, would have entitled such person to recover damages in respect thereof....” It is obvious that “the death of a person results from” medical negligence when the decedent would not have died “but for” the alleged negligence. It is also true, however, that “the death of a person results from” medical negligence when a terminally ill person would not have died prematurely but for the alleged negligence. In both cases, the death “results from” negligence in that the death would not have occurred when it did absent the alleged medical negligence.
The principal opinion’s summary conclusion that Mr. Mickels’ death was not caused by Dr. Danrad’s negligence is far from obvious. First, the plain language of section 537.080 authorizes wrongful death actions when death “results from” negligence. The statute does not say that a wrongful death action will lie only if the sole and exclusive cause of the death is the alleged negligence. There is nothing in the plain language of section 537.080 that compels the conclusion that a physician who negligently causes the premature death of a patient is immunized from wrongful death liability because, by a stroke of perverse luck, the patient also suffers from a terminal illness.
Second, the principal opinion’s conclusion that a terminally ill person can never suffer a wrongful death is not consistent with the purpose of section 537.080, which is to provide compensation to bereaved plaintiffs for their loss, to ensure that tort-feasors pay for the consequences of their actions, and to deter negligent acts that may lead to death. O’Grady v. Brown, 654 S.W.2d 904, 909 (Mo. banc 1983). Immunizing tortfeasors from wrongful death liability when they kill the terminally ill is not compelled by the plain language of the statute and certainly does not advance the statutory purposes.
Finally, the principal opinion’s reliance on cases from Florida, Ohio and Iowa decided between 30 and 83 years ago should not be conclusive with respect to interpretation of the language in Missouri’s wrongful death statute.
I would reverse the judgment and remand the case.

. All statutory references are to RSMo 2000.